**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **Case No. 2:26-cr-94** |
| **JEAN PIERRE ALEJANDRO GUILLEN SALCEDO, *et al.*,** | : | **Judge Algenon L. Marbley** |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before this Court on the parties'(with the exception of Defendants Dervin Alejandro Colmenares Quintero and Julian David Patino Pena[1]) Joint Motion to Continue Trial and Designate Case Complex. (ECF No. 105). The parties ask that this Court declare this case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). The parties also request that this Court issue an order indefinitely continuing the September 8, 2026, trial date and amending the Scheduling Orders (ECF Nos. 68 and 84).

The Speedy Trial Act "requires that a trial commence within seventy days of the filing date or the date the defendant appeared before a judicial officer of the court, whichever is later." 18 U.S.C. § 3161(c)(1). The Act, however, allows for the timeline to be tolled where a case is determined to be "complex." In such instances, the Act provides for a continuance where the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting an ends-of-justice

[1] Defendant Dervin Alejandro Colmenares Quintero (identified as Defendant No. 4 in the Indictment) has yet not appeared before the Court in these proceedings. Defendant Julian David Patino Pena (identified as Defendant No. 8 in the Indictment), through his counsel, declined to join this Motion at this time.

continuance, "a district court should weigh factors such as whether a miscarriage of justice could result, the complexity of the case and time needed for preparation, and the continuity of counsel." *United States v. Richardson*, 681 F.3d 736, 738 (6th Cir. 2012) (citing 18 U.S.C. § 3161(h)(7)(B)). With respect to complexity, the Court considers whether "the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

This Court finds that the interests of justice outweigh the interests of the public and the Defendants in a speedy trial such that an ends-of-justice continuance is warranted. The complexity of the instant case is readily apparent. The eleven Defendants in this case face a thirty-count indictment charging them with various substantive and conspiracy crimes. (ECF No. 14). Nine of the eleven Defendants have entered not guilty pleas thus far, and one Defendant has yet to appear altogether. (ECF No. 105 at 3). Additionally, some of the charges include offenses with statutory maximum life sentences, including Count 1 (Sex 3 Trafficking Conspiracy, 18 U.S.C. §§ 1591(a)(l), 1591(b)(l)-(2), and 1594(c)) and Count 3 (Sex Trafficking a Minor, 18 U.S.C. §§ 1591(a)(l), 1591(b)(2)). Another complication is that various Defendants require interpreters. And to date, the Government is still in the process of determining how best to produce discovery to defense counsel, including whether to petition the Court for a protective order.

Given the number of defendants, the need for interpreters, and the complexity of the charges, this Court is satisfied that a complex case designation is warranted. Additionally, while Defendants Dervin Alejandro Colmenares Quintero and Julian David Patino Pena do not join this Joint Motion, this Court's ruling is unimpacted given its authority under 18 U.S.C. § 3161(h)(7)(A) to declare this case complex *sua sponte*. This Court also notes that other factors support its grant

of the requested continuance: (1) additional time is needed for both parties to exchange discovery and to prepare adequately for a fair and thorough trial; (2) there are no indicia that either party has been less than diligent; and (3) no previous continuances have been given.

Thus, this Court **GRANTS in part** the Joint Motion to Declare the Case Complex or Extended (ECF No. 105) and **DECLARES** the instant matter to constitute a complex case. The previously established pretrial deadlines, including the motion filing deadline on July 31, 2026, and the trial dates are hereby **VACATED**. (ECF Nos. 68, 84). This Court is not inclined, however, to continue the trial date indefinitely as requested. Thus, this Court will hold a status conference on **August 3, 2026, at 10:00 a.m.,** to discuss the scheduling of a new trial date. All of the time between the filing of this Motion, and the new trial date is fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A). A Scheduling Order establishing the revised schedule, which will govern the course of this case through trial, will be filed after the status conference.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: July 29, 2026**